FILED

June 21 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0503

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 148N

STATE OF MONTANA,

       Plaintiff and Appellee,

       v.

BARON JAMES FOSTER,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 09-222
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Joseph P. Howard; Attorney at Law, Great Falls, Montana

       For Appellee:

       Steve Bullock, Montana Attorney General; Tammy K Plubell,
Assistant Attorney General, Helena, Montana

       Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  May 18, 2011

Decided:   June 21, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Baron Foster was convicted of the deliberate homicide of Michelle Miller. During trial, he sought to introduce evidence that a State witness, Timothy Smith, lied to the police about having a prior sexual relationship with Miller. The District Court granted the State's motion in limine to exclude Foster's proposed evidence. The District Court concluded the evidence was inadmissible hearsay and character evidence, and was irrelevant. The court further concluded that any probative value of Foster's proposed evidence was outweighed by the risk of confusion to the jury. Foster appeals from that order. We affirm.

¶3 On appeal, Foster does not assign error to any of the District Court's evidentiary conclusions. Rather, he asserts that "various erroneous evidentiary rulings that prevented Foster from cross-examining Smith regarding his sexual relationship with Miller," deprived Foster of his right to present a defense of third-party guilt.

¶4 Where constitutional rights that directly affect the ascertainment of guilt are implicated, evidentiary rules should not be arbitrarily or mechanistically applied. *State v. Johnson*, 1998 MT 107, ¶ 21, 288 Mont. 513, 958 P.2d 1182. However, Foster provides

no analysis of how the District Court's order resulted in an arbitrary application of the well-established rules of evidence. Rather, Foster contends that his assertion of a third-party guilt defense should essentially suspend the rules of evidence regarding hearsay, character evidence, relevancy, and prejudice. This argument is without merit:

> [w]hile the Constitution . . . prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.

*State v. Glick*, 2009 MT 44, ¶ 30, 349 Mont. 277, 203 P.3d 796 (quoting *Holmes v. South Carolina*, 547 U.S. 319, 326-27, 126 S. Ct. 1727, 1732 (2006)). Mere assertion of a defense based on third-party guilt does not permit Foster to circumvent the rules of evidence.

¶5    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones of judicial discretion, and there clearly was not an abuse of discretion.

¶6    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE
/S/ BRIAN MORRIS

3